# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALISON FETTY, Administratrix of   :   Civil Action No: **2:25-cv-00382**
the Estate of A.J.F., deceased,   :
  :   ***ELECTRONICALLY FILED***
Plaintiff,   :
  :
v.   :
  :
UNITED STATES OF AMERICA;   :
PRIMARY HEALTH NETWORK a/k/a   :
PRIMARY HEALTH NETWORK –   :
GREENVILLE COMMUNITY HEALTH   :
CENTER; LYNNE JOHNSON, M.D.;   :
SANDEEP SAHOTA, M.D.; MATTHEW T.   :
BEE, M.D.; UPMC HORIZON t/d/b/a   :
UPMC HORIZON – GREENVILLE;   :
GIULIO ZUCCOLI, M.D.; HUY MINH   :
NGYUEN, M.D.; HERBERT A. KLEIN,   :
M.D.; GONCA BURAL, M.D.; UPMC   :
CHILDREN'S HOSPITAL OF   :
PITTSBURGH; and UNIVERSITY OF   :
PITTSBURGH PHYSICIANS;   :
  :
Defendants.   :
  :

## COMPLAINT

Plaintiff, Alison Fetty, Administratrix of the Estate of A.J.F., deceased, by and through her attorneys of record, Harry S. Cohen & Associates, PC, by Harry S. Cohen, Esquire, Caitlin M. Harrington, Esquire, and Dorothy J. Dohanics, Esquire brings this Complaint against the above-named Defendants and in support thereof allege as follows:

## NOTICE

1.    On August 5, 2024 Plaintiff Alison Fetty, Administratrix of the Estate of A.J.F., deceased, served the Department of Health and Human Services Office of the General Counsel

with an executed Standard Form 95 providing notice to the United States Government of this claim.

2.      On February 4, 2024, the Office of General Counsel of the Department of Health and Human Services sent a letter to Plaintiff's Counsel denying Plaintiff Alison Fetty, Administratrix of the Estate of A.J.F., deceased's claim, notifying the undersigned to file suit against the United States in the appropriate Federal Court District Court within six (6) months from the date of mailing of the determination pursuant to 28 U.S.C. §2401(b).

## JURISDICTION

3.      This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671.

4.      Since the Plaintiff submitted an administrative claim to the United States Department of Health and Human Services, which denied the claim, all conditions, precedent to a Federal Tort Claim, have been properly met.

5.      Venue is properly within this district under 28 U.S.C. §1402(b) as the acts complained of occurred in the Western District of Pennsylvania.

6.      The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1) for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of the employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the state of Pennsylvania.

7.      While the claim against the United States of America is based on Federal Statute, this court has ancillary jurisdiction to hear the claims against all of the other defendants since the

claims are all substantially related to the claim that is within this court's jurisdiction, and there is a logical relationship to the operative facts of all the claims.

## PARTIES

8.      Plaintiff Alison Fetty ("Mom") is an adult individual currently residing at 2053 Georgetown Road, Sandy Lake, Mercer County, Pennsylvania, 16145.

9.      A.J.F. ("Plaintiff's Decedent," "Decedent" or "A.J.F.") died on October 30, 2023 at UPMC Children's Hospital of Pittsburgh in Allegheny County, Pennsylvania.

10.      On July 18, 2024, the Register of Wills of Mercer County, Pennsylvania appointed Plaintiff Alison Fetty Administratrix of the Estate of A.J.F., deceased, at Estate Number 2024-00380.

11.      Plaintiff brings this action as Administratrix of the decedent's estate and on behalf of all the potential claimants under the Wrongful Death and Survival Acts. The parents Alison Fetty and Alan Gerald Coast, Jr. are the sole statutory heirs of A.J.F., Deceased.

12.      Defendant United States of America (hereinafter "United States") has waived sovereign immunity pursuant to the Federal Tort Claims Act.

13.      Defendant United States of America is the grantor of the U.S. Department of Health and Human Services which operates a federally qualified health care center, Defendant Primary Health Network a/k/a Primary Health Network – Greenville Community Health Center ("PHN") which was engaged in providing health care and at all times pertinent hereto operated a business located at 348 Main Street, Greenville, Pennsylvania 16125.  Plaintiff is asserting a professional liability claim and a vicarious liability claim against this Defendant.

14.      Defendant Primary Health Network a/k/a Primary Health Network – Greenville Community Health Center ("PHN") is a domestic nonprofit corporation duly organized and

existing under the laws of the Commonwealth of Pennsylvania with a registered office of 63 Pitt Street, Sharon, Pennsylvania 16146. At all times material hereto, Defendant PHN owned, operated, and/or otherwise controlled a medical office located at 348 Main Street, Greenville, Pennsylvania 16125. Plaintiff is asserting a professional liability claim and a vicarious liability claim against this Defendant.

15.    Defendant Lynne Johnson, M.D. ("Dr. Johnson") is and was at all times material hereto a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania, who specializes in the area of family medicine, with her principal place of business located at 348 Main Street, Greenville, Mercer County, Pennsylvania 16125 and an employee of a federally qualified health center – Primary Health Network a/k/a Primary Health Network – Greenville Community Health Center. Plaintiff is asserting a professional liability claim against this Defendant.

16.    Defendant UPMC Horizon t/d/b/a UPMC Horizon - Greenville ("Horizon") is a hospital, corporation or some other form of business entity, engaged in the provision of health care, duly organized and existing under the laws of the Commonwealth of Pennsylvania, which at all times material hereto, operated a healthcare facility located at 110 North Main Street, Greenville, Mercer County, Pennsylvania 16125.  Plaintiff is asserting a professional liability claim and a vicarious liability claim against this Defendant.

17.    Defendant Matthew Bee, M.D. ("Dr. Bee") is and was at all times material hereto a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania, who specializes in the area of pediatrics, with his principal place of business located at 110 North Main Street, Greenville, Mercer County, Pennsylvania 16125. Plaintiff is asserting a professional liability claim against this Defendant.

18.     Defendant Sandeep Sahota, M.D. ("Dr. Sahota") is and was at all times material hereto a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania, who specializes in emergency medicine, with his principal place of business located at 110 North Main Street, Greenville, Mercer County, Pennsylvania 16125.   Plaintiff is asserting a professional liability claim against this Defendant.

19.     Defendant UPMC Children's Hospital of Pittsburgh ("Children's") is a hospital, corporation, or some other form of business entity, engaged in the provision of health care, duly organized and existing under the laws of the Commonwealth of Pennsylvania, which at all times material hereto, operated a healthcare facility located at 4401 Penn Avenue, Pittsburgh Allegheny County, Pennsylvania 15224.  Plaintiff is asserting a professional liability claim and a vicarious liability claim against this Defendant.

20.     Defendant University of Pittsburgh Physicians ("UPP") is a domestic corporation engaged in the provision of health care, duly organized and existing under the laws of the Commonwealth of Pennsylvania which at all times material hereto had a registered office located at 200 Lothrop Street, Pittsburgh, Allegheny County, Pennsylvania 15213. Plaintiff is asserting a professional liability claim and a vicarious liability claim against this Defendant.

21.     Defendant Giulio Zuccoli, M.D. ("Dr. Zuccoli") is and was at all times material hereto a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania, who specializes in the area of radiology, with his principal place of business located at 4401 Penn Avenue, Pittsburgh Allegheny County, Pennsylvania 15224. Plaintiff is asserting a professional liability claim against this Defendant.

22.     Defendant Huy Minh Nguyen, M.D. ("Dr. Nguyen") was at all times material hereto a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania,

who specializes in the area of radiology, who has a current primary practice address of 712 N. Washington Street, #101, Dallas, Texas, 75246. Plaintiff is asserting a professional liability claim against this Defendant.

23.     Defendant Herbert Klein, M.D. ("Dr. Klein") was at all times material hereto a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania, who specialized in the area of nuclear medicine/radiology with his principal place of business located at 4401 Penn Avenue, Pittsburgh Allegheny County, Pennsylvania 15224. Plaintiff is asserting a professional liability claim against this Defendant.

24.     Defendant Gonca Bural, M.D. ("Dr. Bural") is and was at all times material hereto a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania, who specializes in the area of nuclear medicine/radiology with a principal place of business located at  4401 Penn Avenue, Pittsburgh Allegheny County, Pennsylvania 15224.  Plaintiff is asserting a professional liability claim against this Defendant.

25.     At all times material hereto, Dr. Johnson was an employee of United States.

26.     At all times material hereto, Dr. Johnson was an actual agent, ostensible agent, and/or servant of United States.

27.     At all times material hereto, Dr. Johnson was an employee of PHN.

28.     At all times material hereto, Dr. Johnson was an actual agent, ostensible agent, and/or servant of PHN.

29.     At all times material hereto, Dr. Bee was an employee of Defendant Horizon.

30.     At all times material hereto, Dr. Bee was a servant, actual agent, and ostensible agent of Defendant Horizon.

31.     At all times material hereto, Dr. Bee was an employee of Defendant UPP.

6

32.   At all times material hereto, Dr. Bee was a servant, actual agent, and ostensible agent of Defendant UPP.

33.   At all times material hereto, Dr. Sahota was an employee of Horizon.

34.   At all times material hereto, Dr. Sahota was an actual agent, ostensible agent, and/or servant of Horizon.

35.   At all times material hereto, Dr. Sahota was an employee of UPP.

36.   At all times material hereto, Dr. Sahota was an actual agent, ostensible agent, and/or servant of UPP.

37.   At all times material hereto, Dr. Zuccoli was an employee of the Defendant Children's.

38.   At all times material hereto, Dr. Zuccoli was a servant, actual agent, and ostensible agent of Defendant Children's.

39.   At all times material hereto, Dr. Zuccoli was an employee of the Defendant UPP.

40.   At all times material hereto, Dr. Zuccoli was a servant, actual agent, and ostensible agent of Defendant UPP.

41.   At all times material hereto, Dr. Nguyen, was an employee of the Defendant Children's.

42.   At all times material hereto, Dr. Nguyen was a servant, actual agent, and ostensible agent of Defendant Children's.

43.   At all times material hereto, Dr. Nguyen, was an employee of the Defendant UPP.

44.   At all times material hereto, Dr. Nguyen was a servant, actual agent, and ostensible agent of Defendant UPP.

45.     At all times material hereto, Dr. Klein, was an employee of the Defendant Children's.

46.     At all times material hereto, Dr. Klein was a servant, actual agent, and ostensible agent of Defendant Children's.

47.     At all times material hereto, Dr. Klein, was an employee of the Defendant UPP.

48.     At all times material hereto, Dr. Klein was a servant, actual agent, and ostensible agent of Defendant UPP.

49.     At all times material hereto, Dr. Bural, was an employee of the Defendant Children's.

50.     At all times material hereto, Dr. Bural was a servant, actual agent, and ostensible agent of Defendant Children's.

51.     At all times material hereto, Dr. Bural, was an employee of the Defendant UPP.

52.     At all times material hereto, Dr. Bural was a servant, actual agent, and ostensible agent of Defendant UPP.

53.     At all times material hereto, Defendant United States acted by and through its agents, servants, employees, and/or ostensible agents, including Dr. Johnson, who acted within the course and scope of their employment, duty, and authority.

54.     At all times material hereto, Defendant PHN acted by and through its agents, servants, employees, and/or ostensible agents, including Dr. Johnson, who acted within the course and scope of their employment, duty, and authority.

55.     At all times material hereto, Defendant Horizon acted by and through its agents, servants, employees, and/or ostensible agents, including Dr. Sahota, and Dr. Bee, who acted within the course and scope of their employment, duty, and authority.

56.    At all times material hereto, Defendant Children's acted by and through its agents, servants, employees, and/or ostensible agents, including Dr. Zuccoli, Dr. Nguyen, Dr. Klein, and Dr. Bural who acted within the course, scope and authority of their employment and agency.

57.    At all times material hereto, Defendant UPP acted by and through its agents, servants, employees, and/or ostensible agents including Dr. Sahota, Dr. Bee, Dr. Zuccoli, Dr. Nguyen, Dr. Klein and Dr. Bural who acted within the course, scope, and authority of their employment and agency.

## FACTS

58.    A.J.F. was born in 2007 in Mercer County, Pennsylvania.

59.    In September 2012 at the age of four, A.J.F. suffered a compression fracture of his L3 vertebrae after hitting the ground on a seesaw.

60.    As a result of that injury, A.J.F. underwent an MRI of his lumbar spine and a bone scan/SPECT/CT of his whole body on October 1, 2012.

61.    The MRI was interpreted by Dr. Zuccoli and Dr. Nguyen which described an L3 compression deformity without significant retropulsion, but did not describe an approximately 1.7 cm liver calcification which was visible on the MRI images.

62.    The bone scan/SPECT/CT was interpreted by Dr. Klein and Dr. Bural and described the compression fracture but did not describe an approximately 1.7 cm liver calcification which was visible on the SPECT/CT images.

63.    Because the bone scan and MRI reports did not mention the liver calcification, A.J.F. was not referred for any further evaluation or treatment of the liver calcification.

64.    On November 10, 2017, A.J.F. presented to the Horizon emergency room with complaints of left sided sub-sternal chest-pain and pressure.

65.    A.J.F.  underwent a Chest X-Ray which was interpreted by Dr. Bee as "no acute cardiopulmonary disease."

66.    Dr. Bee did not report an approximately 2.7 cm liver calcification which was visible on the chest x-ray films.

67.    Since this finding was not reported, A.J.F.  was not sent for further evaluation or treatment of the liver calcification.

68.    On May 20, 2018, A.J.F.  returned to the emergency department at Horizon with complaints of nausea, vomiting, and diarrhea. He was seen by Dr. Sahota who ordered bloodwork and an abdominal x-ray.

69.    The bloodwork revealed elevated liver enzymes with an Aspartate Transferase (AST) of 42 U/L and an Alkaline Phosphatase (ALP) of 218 IU/L.

70.    The abdominal x-ray was interpreted by Dr. Ronald Brennan who documented the following in his report:

> "There is no dilation of the large or small bowel. Is [sic] a calcification overlying the upper abdomen just below the mid right hemidiaphragm in the region of the liver measuring 2.96 cm which was present on a chest radiograph dated 11/10/2017."

71.    Dr. Sahota and/or other employees of the Horizon's emergency department received and/or had access to Dr. Brennan's May 20, 2018 abdominal X-Ray report and blood test results.

72.    Despite Dr. Brennan documenting the almost 3 cm calcification in the area of A.J.F.'s liver, neither Dr. Sahota nor anyone else at Horizon communicated this finding to A.J.F. or his family.

73.    Nor did Dr. Sahota recommend any further evaluation of, or treatment for, the calcification.

74.    In addition, even though A.J.F.'s liver enzymes were elevated, Dr. Sahota documented them as "normal" in the records and did not inform A.J.F. or his family of these actually abnormal results.

75.    As a result, A.J.F. did not receive any follow-up evaluation or treatment of the liver calcification or elevated liver enzymes.

76.    A copy of the May 20, 2018 Chest X-Ray report and bloodwork results were provided to Dr. Johnson, A.J.F.'s pediatrician at PHN.

77.    Dr. Johnson's records indicate that she electronically signed the x-ray report on May 21, 2018 at 10:35 AM indicating that she reviewed the results.

78.    Despite seeing that A.J.F. had an almost 3 cm calcification overlying his liver and elevated liver enzymes, Dr. Johnson never informed A.J.F. or his family about the findings, never ordered additional testing or evaluation of the calcification or liver function, and never referred A.J.F. to any specialist for evaluation of the liver lesion.

79.    Dr. Johnson saw A.J.F. on November 15, 2018 for his 11-year-old well child exam. Nothing in the records indicate that they discussed the May 20, 2018 Chest X-Ray or bloodwork results.

80.    In fact, the PHN records note that his "last ED/Urgent Care" visit was on November 10, 2017, despite him having been seen at Horizon on May 20, 2018.

81.    A.J.F. also saw Dr. Johnson for well-child exams on November 15, 2019 and October 6, 2022 but there was again no mention of the 2018 findings.

82.    At the October 6, 2022 visit, A.J.F. complained of stomach discomfort for the last two days, history of stomach issues for a long time and mild chest pain for the last two days.

83.    Dr. Johnson diagnosed him with "likely GERD by symptoms" and prescribed famotidine and diet change but did not refer him to a gastroenterologist or other specialist.

84.    On October 14, 2023, A.J.F. presented to the Horizon emergency room with complaints of indigestion, nausea, vomiting, diarrhea, lower left back pain and shoulder pain for the last week.

85.    Bloodwork revealed elevated liver enzymes with an ALP of 489, an AST of 241 and an Alanine Transaminase (ALT) of 69.

86.    It was decided that A.J.F. would be transferred to Children's for additional work-up.

87.    When A.J.F. arrived at Children's he underwent an ultrasound of his right upper quadrant which revealed a heterogenous lobulated mass in the right lobe of the liver with course calcification concerning for neoplastic lesion as well as partial and total occlusion of portions of the right portal vein suggesting subacute thrombosis.

88.    Later that day, A.J.F. underwent a CT scan of the abdomen/pelvis which revealed that the right lobe of A.J.F.'s liver had been replaced with nodular masses and the left and caudate lobes of his liver were enlarged and hypertrophied. This 10/15/23 CT report was authored by Sheila Moore, M.D. who also noted:

> Review of the patient's 2012 imaging studies, which were obtained as a result of trauma, partially show an incidental large right hepatic lobe lesion in a similar location on the attenuation CT obtained for the nuclear medicine bone SPECT study (axial image 30, series 1). MR of the spine also partially shows a right hepatic lobe mass (coronal image 16, series 8). No calcifications are seen on the previous nuclear medicine attenuation CT.

89.    Based on the imaging studies, Children's doctors suspected that A.J.F. had hepatocellular cancer.

90.     A.J.F.  was treated inpatient from October 15th to 18th and underwent biopsy of his liver on October 16, 2023.

91.     A.J.F. celebrated his sixteenth, and final, birthday while in the hospital.

92.     Preliminary results of the liver biopsy identified the tumor as hepatocellular carcinoma on October 19, 2023.

93.     On October 24, 2023, A.J.F. returned to Children's for a scheduled PET Scan. Due to his condition upon arrival for the PET Scan, A.J.F. was sent to the emergency department where he was admitted.

94.     Over the previous week, A.J.F. experienced abdominal pain and an increase in abdominal girth despite not eating anything.

95.     Imaging performed during this admission was suspicious for pseudoaneurysm of the left hepatic lobe in the area where the liver biopsy was taken.

96.     An abdominal drain was placed on the 25th with coil embolization of the pseudoaneurysm.

97.     The night of October 28th, new bloody drainage was noted and A.J.F. developed hypotension and a drop in hemoglobin. He was given a massive blood transfusion which initially helped stabilize his blood pressure.

98.     On October 29th, interventional radiology performed additional coil embolization in the branches of the right hepatic artery in an attempt to stop bleeding into the abdomen.

99.     Unfortunately, A.J.F.'s condition continued to deteriorate, and he developed multisystem organ failure. A.J.F. died on October 30, 2023.

100.     As a direct and proximate result of the negligence of the Defendants, as set forth above and herein, A.J.F. suffered the following injuries and damages:

(a)    Death;

(b)    Multi-system organ failure;

(c)    Hepatic failure;

(d)    Intrahepatic hemorrhage;

(e)    Massive bloody abdominal ascites;

(f)    Advanced hepatocellular carcinoma;

(g)    Loss of chance of curative treatment for hepatocellular carcinoma;

(h)    Loss of enjoyment of life;

(i)    Pain and suffering;

(j)    Loss of social security and income;

(k)    Loss of wages; and

(l)    Emotional distress and anxiety.

## COUNT I - Professional Negligence

### *Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* v. *United States of America*

### SURVIVAL ACTION

101.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below, at length.

102.    Plaintiff brings this Survival Action under 20 Pa. C.S.A. § 3373 and 42 Pa. C.S.A. § 8302.

103.    Defendant United States, by and through its agents, ostensible agents, servants, and/or employees, was negligent as described above and in the following particulars:

(a)    In failing to adequately review the May 20, 2018 x-ray report;

14

(b)     In failing to timely and properly recognize and/or act upon the concerning finding of a liver calcification;

(c)     In failing to timely and properly recognize and/or act upon A.J.F.'s abnormal liver enzyme test results;

(d)     In failing to order appropriate follow-up imaging on A.J.F.'s liver;

(e)     In failing to order repeat liver function testing;

(f)     In failing to refer A.J.F. to a specialist for evaluation and treatment of his liver calcification and/or elevated liver enzyme testing;

(g)     In failing to timely and properly recognize and/or act upon A.J.F.'s gastrointestinal complaints in the setting of findings of liver calcification and elevated liver enzymes;

(h)     In failing to adequately supervise, evaluate, monitor, and/or oversee the residents, physicians, nurses, nurse practitioners, physician assistants, and/or all other health care providers rendering care to A.J.F.

(i)     By improperly permitting, allowing, and/or causing delay in diagnosis and treatment of A.J.F.'s liver cancer;

(j)     By improperly permitting, allowing, and/or causing A.J.F.'s liver cancer to worsen, progress, and/or deteriorate;

(k)     By failing to refer A.J.F. to an appropriate specialist;

(l)     By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F.'s parents and/or guardians;

(m)     By failing to have a system in place to ensure that medical personnel would be notified of, read, and act upon abnormal and/or concerning radiologic testing and/or bloodwork results.

104.    The negligence of the Defendant United States' agents, including Dr. Johnson, as described herein, was the "legal cause" of the injuries and damages as described herein.

105.    The negligence of the Defendant United States' agents, including Dr. Johnson, as described herein, increased the risk of the injuries and damages as described herein.

106.    As a direct and proximate result of the negligence the Defendant United States' agents, including Dr. Johnson, as described herein, A.J.F.  suffered the within described injuries and these Defendants are liable for said injuries and damages.

107.    As a direct and proximate result of the negligence of the Defendant United States' agents, including Dr. Johnson, as described herein, the within described injuries and damages were incurred and Defendant United States is liable for the within described injuries and damages, and the following:

(a)    Decedent's pain and suffering;

(b)    Decedent's loss of enjoyment of life;

(c)    Decedent's lost wages;

(d)    Decedent's total estimated future earning power less his estimated  cost  of personal maintenance;

(e)    Decedent's loss of retirement and Social Security income;

(f)    Decedent's other financial losses suffered as a result of his death;    and

(g)    Any other damages allowed under the Survival Act.

108.    Defendant United States is vicariously liable for the negligent acts and omissions of its agent, ostensible agent, servant, and/or employee Dr. Johnson as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**


**<u>COUNT II – Professional Negligence</u>**

***Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* v.**

16

*United States of America*

**WRONGFUL DEATH ACTION**

109.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

110.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

111.    As a direct and proximate result of the negligence of the Defendant United States' agent Dr. Johnson, her agents, ostensible agents, servants, and/or employees, as described herein, the Wrongful Death Beneficiaries suffered and Defendant is liable for the within described injuries and damages, and the following:

    (a)    Funeral expenses for the Decedent;

    (b)    Expenses for Administration related to Decedent's injuries;

    (c)    Medical and hospital expenses;

    (d)    Loss of support; and

    (e)    Such other damages as are permissible in a Wrongful Death Action.

112.    Defendant United States is vicariously liable for the negligent acts and omissions of its agent, ostensible agent, servant, and/or employee Dr. Johnson as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**<u>COUNT III – Direct Negligence</u>**

***Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* v.**

*The United States of America*

**SURVIVAL ACTION**

113.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below, at length.

114.    Plaintiff brings this Survival Action under 20 Pa. C.S.A. § 3373 and 42 Pa. C.S.A. § 8302.

115.    Defendant United States was negligent in the following particulars:

(a)    By failing to adequately supervise, evaluate, monitor, and/or oversee the staff, residents, fellows, students, physicians, consults, nurses, nurse practitioners, physician assistants, technicians, and/or all other health care providers rendering care to A.J.F.;

(b)    By failing and/or neglecting to hire, select, retain, grant privileges to, employ, and/or consult physicians and/or other health care personnel with adequate experience, qualifications, education, and/or special skill to properly examine, diagnose, treat, and/or render care to A.J.F.;

(c)    By failing to ensure that the physicians, medical staff, nursing staff, and/or other health care providers were properly trained to interpret, read, understand, and evaluate x-ray and bloodwork results;

(d)    By failing to ensure that personnel properly and completely assess test results;

(e)    By failing to have and/or enforce policies and procedures to ensure that patients and/or their parents/guardians are informed of their abnormal test results;

(f)    By failing to delegate responsibilities of the treatment of A.J.F. to individuals more qualified to appreciate the history, conditions, signs, symptoms, complaints, and/or test results of A.J.F.;

(g)    By failing to properly supervise the physicians, nurses, physician's assistants, technicians, and clerical staff who provided care to the Plaintiff;

(h)    By failing to ensure that its medical providers are properly supervised; and

(i)    By failing to select, retain, or grant privileges to only competent physicians, medical staff, and/or clerical staff.

18

116.    The negligence of the Defendant United States and/or its agents, ostensible agents, servants, and/or employees, including Dr. Johnson, as described herein, was the "legal cause" of the injuries and damages as described herein.

117.    The negligence of the Defendant United States and/or its agents, ostensible agents, servants, and/or employees, including Dr. Johnson, as described herein, increased the risk of the injuries and damages as described herein.

118.    As a direct and proximate result of the negligence the Defendant United States and/or its agents, ostensible agents, servants, and/or employees, including Dr. Johnson, as described herein, A.J.F.  suffered the within described injuries and these Defendants are liable for said injuries and damages.

119.    As a direct and proximate result of the negligence of the Defendant United States and/or its agents, ostensible agents, servants, and/or employees, including Dr. Johnson, as described herein, the within described injuries and damages were incurred and Defendant United States is liable for the within described injuries and damages, and the following:

(a)    Decedent's pain and suffering;

(b)    Decedent's loss of enjoyment of life;

(c)    Decedent's lost wages;

(d)    Decedent's total estimated future earning power less his estimated  cost  of personal maintenance;

(e)    Decedent's loss of retirement and Social Security income;

(f)    Decedent's other financial losses suffered as a result of his death;    and

(g)    Any other damages allowed under the Survival Act.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

## COUNT IV– Direct Negligence

***Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* v. *The United States of America***

**WRONGFUL DEATH ACTION**

120.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

121.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

122.    As a direct and proximate result of the negligence of the Defendant United States and/or their agents, ostensible agents, servants, and/or employees, including Dr. Johnson, her agents, ostensible agents, servants and/or employees, as described herein, the Wrongful Death Beneficiaries suffered and Defendant is liable for the within described injuries and damages, and the following:

(a)    Funeral expenses for the Decedent;

(b)    Expenses for Administration related to Decedent's injuries;

(c)    Medical and hospital expenses;

(d)    Loss of support; and

(e)    Such other damages as are permissible in a Wrongful Death Action.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

<u>**COUNT V – Professional Negligence**</u>

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*Lynne Johnson, M.D., and Primary Health Network a/k/a Primary Health Network – Greenville*
*Community Health Center*

**SURVIVAL ACTION**

123.    The foregoing paragraphs are incorporated herein by reference as though fully set forth herein.

124.    Plaintiff brings this Survival Action under 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

125.    Defendant Dr. Johnson was negligent in the following particulars:

(a)    In failing to adequately review the May 20, 2018 x-ray report;

(b)    In failing to timely and properly recognize and/or act upon the concerning finding of a liver calcification;

(c)    In failing to timely and properly recognize and/or act upon A.J.F.'s abnormal liver enzyme test results;

(d)    In failing to order appropriate follow-up imaging on A.J.F.'s liver;

(e)    In failing to order repeat liver function testing;

(f)    In failing to refer A.J.F. to a specialist for evaluation and treatment of his liver calcification and/or elevated liver enzyme testing;

(g)    In failing to timely and properly recognize and/or act upon A.J.'s gastrointestinal complaints in the setting of findings of liver calcification and elevated liver enzymes;

(h)    In failing to adequately supervise, evaluate, monitor, and/or oversee the residents, physicians, nurses, nurse practitioners, physician assistants, and/or all other health care providers rendering care to A.J.F.

(i)    By improperly permitting, allowing, and/or causing delay in diagnosis and treatment of A.J.F.'s liver cancer;

(j)    By improperly permitting, allowing, and/or causing A.J.F.'s liver cancer to worsen, progress, and/or deteriorate;

(k)    By failing to refer A.J.F. to an appropriate specialist;

(l)    By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F.'s parents and/or guardians;

(m)    By failing to have a system in place to ensure that medical personnel would be notified of, read, and act upon abnormal and/or concerning radiologic testing and/or bloodwork results.

126.    The negligence of the Dr. Johnson, as described herein, was the "legal cause" of the injuries and damages as described herein.

127.    The negligence of the Dr. Johnson, as described herein, increased the risk of the injuries and damages described as herein.

128.    As a direct and proximate result of the negligence of Defendant Dr. Johnson as described herein, A.J.F. suffered the within described injuries and these Defendants are liable for said injuries and damages.

129.    As a direct and proximate result of the negligence of Dr. Johnson, as described herein, the within described injuries and damages were incurred and these Defendants are liable for the within described injuries and damages, and the following:

(a)    Decedent's pain and suffering;

(b)    Decedent's loss of enjoyment of life;

(c)    Decedent's lost wages;

        (d)     Decedent's total estimated future earning power less his estimated cost of personal maintenance;

        (e)     Decedent's loss of retirement and Social Security income;

        (f)     Decedent's other financial losses suffered as a result of his death;    and

        (g)     Any other damages allowed under the Survival Act.

130.    Defendant PHN is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Johnson as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**<u>COUNT VI – Professional Negligence</u>**

***Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.
Lynne Johnson, M.D., and Primary Health Network a/k/a Primary Health Network –
Greenville Community Health Center***

**WRONGFUL DEATH ACTION**

131.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

132.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

133.    As a direct and proximate result of the negligence of Defendant Dr. Johnson, as described herein, the Wrongful Death Beneficiaries suffered and Defendants are liable for the within described injuries and damages, and the following:

        (a)     Funeral expenses for the Decedent;

        (b)     Expenses for Administration related to Decedent's injuries;

(c)    Medical and hospital expenses;

(d)    Loss of support; and

(e)    Such other damages as are permissible in a Wrongful Death Action.

134.    Defendant PHN is vicariously liable for the negligent acts and omissions of its agent, ostensible agent, servant, and/or employee Dr. Johnson as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**COUNT VII – Professional Negligence/Vicarious Liability**

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*Primary Health Network a/k/a Primary Health Network – Greenville Community Health Center*

**SURVIVAL ACTION**

135.    The foregoing paragraphs are incorporated herein by reference as though fully set forth herein.

136.    Plaintiff brings this Survival Action under 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

137.    Defendant PHN, acting by and through its agents, employees, ostensible agent, and servants, was negligent in the following particulars:

(a)    In failing to adequately review the 5/20/18 x-ray report;

(b)    In failing to timely and properly recognize and/or act upon the concerning finding of a liver calcification;

(c)    In failing to timely and properly recognize and/or act upon A.J.F.'s abnormal liver enzyme test results;

(d)    In failing to order appropriate follow-up imaging on A.J.F.'s liver;

(e)     In failing to order repeat liver function testing;

(f)     In failing to refer A.J.F.  to a specialist for evaluation and treatment of his liver calcification and/or elevated liver enzyme testing;

(g)     In failing to timely and properly recognize and/or act upon A.J.F.'s gastrointestinal complaints in the setting of findings of liver calcification and elevated liver enzymes;

(h)     In failing to adequately supervise, evaluate, monitor, and/or oversee the residents, physicians, nurses, nurse practitioners, physician assistants, and/or all other health care providers rendering care to A.J.F.

(i)     By improperly permitting, allowing, and/or causing delay in diagnosis and treatment of A.J.F.'s liver cancer;

(j)     By improperly permitting, allowing, and/or causing A.J.F.'s liver cancer to worsen, progress, and/or deteriorate;

(k)     By failing to refer A.J.F.  to a specialist;

(l)     By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F.'s parents and/or guardians;

(m)     By failing to have a system in place to ensure that medical personnel would be notified of, read, and act upon abnormal and/or concerning radiologic testing and/or bloodwork results.

138.    The negligence of Defendant PHN's agents, ostensible agents, servants, and/or employees including Defendant Dr. Johnson, as described herein, was the "legal cause" of the injuries and damages as described herein.

139.    The negligence of Defendant PHN's agents, ostensible agents, servants, and/or employees including Defendant Dr. Johnson, as described herein, increased the risk of the injuries and damages described as herein.

140.    As a direct and proximate result of the negligence of Defendant PHN's agents, ostensible agents, servants, and/or employees including Defendant Dr. Johnson, A.J.F.  suffered the within described injuries and Defendant PHN is liable for said injuries and damages.

141.    As a direct and proximate result of the negligence of Defendant PHN's agents, ostensible agents, servants, and/or employees including Defendant Dr. Johnson, as described herein, the within described injuries and damages were incurred and Defendant PHN is liable for the within described injuries and damages, and the following:

    (a)    Decedent's pain and suffering;

    (b)    Decedent's loss of enjoyment of life;

    (c)    Decedent's lost wages;

    (d)    Decedent's total estimated future earning power less his estimated cost of personal maintenance;

    (e)    Decedent's loss of retirement and Social Security income;

    (f)    Decedent's other financial losses suffered as a result of his death;   and

    (g)    Any other damages allowed under the Survival Act.

142.    Defendant PHN is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Johnson as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

## <u>COUNT VIII – Professional Negligence</u>

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*Primary Health Network a/k/a Primary Health Network – Greenville Community Health Center*

**WRONGFUL DEATH ACTION**

143.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

144.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

145.    As a direct and proximate result of the negligence of Defendant PHN, acting by and through its agents, ostensible agents, servants, or employees including Defendant Dr. Johnson, as described herein, the Wrongful Death Beneficiaries suffered and Defendants are liable for the within described injuries and damages, and the following:

(a)    Funeral expenses for the Decedent;

(b)    Expenses for Administration related to Decedent's injuries;

(c)    Medical and hospital expenses;

(d)    Loss of support; and

(e)    Such other damages as are permissible in a Wrongful Death Action.

146.    Defendant PHN is vicariously liable for the negligent acts and omissions of its agent, ostensible agent, servant, and/or employee Dr. Johnson as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**COUNT IX– Direct Negligence**

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* **v.**
*Primary Health Network a/k/a Primary Health Network – Greenville Community Health Center*

**SURVIVAL ACTION**

147.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below, at length.

148.    Plaintiff brings this Survival Action under 20 Pa. C.S.A. § 3373 and 42 Pa. C.S.A.
§ 8302.

149.    Defendant PHN was negligent as described above and in the following
particulars:

(a)    By failing to adequately supervise, evaluate, monitor, and/or oversee the staff, residents, fellows, students, physicians, consults, nurses, nurse practitioners, physician assistants, technicians, and/or all other health care providers rendering care to A.J.F.;

(b)    By failing and/or neglecting to hire, select, retain, grant privileges to, employ, and/or consult physicians and/or other health care personnel with adequate experience, qualifications, education, and/or special skill to properly examine, diagnose, treat, and/or render care to A.J.F.;

(c)    By failing to ensure that the physicians, medical staff, nursing staff, and/or other health care providers were properly trained to interpret, read, understand, and evaluate x-ray and bloodwork results;

(d)    By failing to ensure that personnel properly and completely assess test results;

(e)    By failing to have and/or enforce policies and procedures to ensure that patients and/or their parents/guardians are informed of their abnormal test results;

(f)    By failing to delegate responsibilities of the treatment of A.J.F.  to individuals more qualified to appreciate the history, conditions, signs, symptoms, complaints, and/or test results of A.J.F.;

(g)    By failing to properly supervise the physicians, nurses, physician's assistants, technicians, and clerical staff who provided care to the Plaintiff;

(h)    By failing to ensure that its medical providers are properly supervised; and

(i)    By failing to select, retain, or grant privileges to only competent physicians, medical staff, and/or clerical staff.

150.    The negligence of Defendant PHN, as described herein, was the "legal cause" of
the injuries and damages as described herein.

151.    The negligence of Defendant PHN, as described herein, increased the risk of the
injuries and damages as described herein.

28

152.     As a direct and proximate result of the negligence of Defendant PHN, as described herein, Plaintiff's Decedent suffered the within described injuries and Defendant PHN is liable for said injuries and damages.

153.     As a direct and proximate result of the negligence of Defendant PHN, as described herein, the within described injuries and damages were incurred and Defendant PHN is liable for the within described injuries and damages, and the following:

     (a)     Decedent's pain and suffering;

     (b)     Decedent's loss of enjoyment of life;

     (c)     Decedent's lost wages;

     (d)     Decedent's total estimated future earning power less his estimated  cost  of personal maintenance;

     (e)     Decedent's loss of retirement and Social Security income;

     (f)     Decedent's other financial losses suffered as a result of his death;    and

     (g)     Any other damages allowed under the Survival Act.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

## <u>COUNT X – Direct Negligence</u>

***Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* v.**
***Primary Health Network a/k/a Primary Health Network – Greenville Community Health Center***

**WRONGFUL DEATH ACTION**

154.     The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

155.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

156.    As a direct and proximate result of the negligence of the Defendant PHN, as described herein, the Wrongful Death Beneficiaries suffered and Defendant is liable for the within described injuries and damages, and the following:

    (a)    Funeral expenses for the Decedent;

    (b)    Expenses for Administration related to Decedent's injuries;

    (c)    Medical and hospital expenses;

    (d)    Loss of support; and

    (e)    Such other damages as are permissible in a Wrongful Death Action.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

<u>**COUNT XI – Professional Negligence**</u>

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*Matthew Bee, M.D., UPMC Horizon, and University of Pittsburgh Physicians*

**SURVIVAL ACTION**

157.    The foregoing paragraphs are incorporated herein by reference as though fully set forth herein.

158.    Plaintiff brings this Survival Action under 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

159.    Defendant Dr. Bee was negligent in the following particulars:

    (a)    By misinterpreting, misreading, misunderstanding, improperly evaluating and/or improperly assessing A.J.F.'s November 10, 2017 chest x-ray;

    (b)    By failing to identify a liver calcification on A.J.F.'s November 10, 2017 chest x-ray;

    (c)    By permitting, allowing, and/or causing a delay in diagnosis and treatment of A.J.F.'s conditions;

    (d)    By failing to recommend further radiologic imaging of A.J.F.'s liver based on the presence of a liver calcification on the November 10, 2017 chest x-ray;

    (e)    By improperly permitting, allowing, and/or causing A.J.F.'s conditions to worsen, progress, and/or deteriorate;

    (f)    By failing to timely recommend and/or order appropriate follow-up testing/surveillance of A.J.F.'s conditions; and

    (g)    By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F., his parents/guardians and/or A.J.F.s physicians.

160.    The negligence of Defendant Dr. Bee, as described herein, was the "legal cause" of the injuries and damages as described herein.

161.    The negligence of the Defendant Dr. Bee, as described herein, increased the risk of the injuries and damages as described herein.

162.    As a direct and proximate result of the negligence of Defendant Dr. Bee, as described herein, A.J.F.  suffered the within described injuries and these Defendants are liable for said injuries and damages.

163.    Defendant UPMC Horizon is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Bee, as described herein.

164.    Defendant UPP is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Bee, as described herein.

165.    As a direct and proximate result of the negligence of Defendant Dr. Bee, as described herein, the within described injuries and damages were incurred and these Defendants are liable for the within described injuries and damages, and the following:

(a)    Decedent's pain and suffering;

(b)    Decedent's loss of enjoyment of life;

(c)    Decedent's lost wages;

(d)    Decedent's total estimated future earning power less his estimated  cost  of personal maintenance;

(e)    Decedent's loss of retirement and Social Security income;

(f)    Decedent's other financial losses suffered as a result of his death;    and

(g)    Any other damages allowed under the Survival Act.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

### COUNT XII – Professional Negligence

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*Matthew Bee, M.D., UPMC Horizon, and University of Pittsburgh Physicians*

**WRONGFUL DEATH ACTION**

166.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

167.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

168.    As a direct and proximate result of the negligence of Defendant Dr. Bee, as described herein, the Wrongful Death Beneficiaries suffered and Defendants are liable for the within described injuries and damages, and the following:

      (a)    Funeral expenses for the Decedent;

      (b)    Expenses for Administration related to Decedent's injuries;

      (c)    Medical and hospital expenses;

      (d)    Loss of support; and

      (e)    Such other damages as are permissible in a Wrongful Death Action.

169.    The negligence of Defendant Dr. Bee and/or his agents, ostensible agents, servants, and/or employees as described herein was the "legal cause" of A.J.F.s injuries and damages as described herein.

170.    The negligence of Defendant Dr. Bee and/or his agents, ostensible agents, servants, and/or employees as described herein increased the risk that A.J.F.  would suffer the injuries and damages as described herein.

171.    As a direct and proximate result of the negligence of Defendant Dr. Bee and/or their agents, ostensible agents, servants, and/or employees as described herein, Decedent suffered, and Defendant Dr. Bee is liable for the within described injuries and damages.

172.    Defendant UPMC Horizon is vicariously liable for the negligent acts and omissions of their agents, ostensible agents, servants, and/or employees including Defendant Dr. Bee.

173.    Defendant UPP is vicariously liable for the negligent acts and omissions of their agents, ostensible agents, servants, and/or employees including Defendant Dr. Bee.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

<u>**COUNT XIII – Professional Negligence/Vicarious Liability**</u>

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*UPMC Horizon*

**SURVIVAL ACTION**

174.    The foregoing paragraphs are incorporated herein by reference as though fully set forth herein.

175.    Plaintiff brings this Survival Action under 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

176.    Defendants UPMC Horizon, acting by and through its agents, employees, ostensible agents, and servants were negligent in the following particulars:

(a)    By misinterpreting, misreading, misunderstanding, improperly evaluating and/or improperly assessing A.J.F.'s November 10, 2017 chest x-ray;

(b)    By failing to identify a liver calcification on A.J.F.'s November 10, 2017 chest x-ray;

(c)    By permitting, allowing, and/or causing a delay in diagnosis and treatment of A.J.F.'s conditions;

(d)    By failing to recommend further radiologic imaging of A.J.F.'s liver based on the presence of a liver calcification on the November 10, 2017 chest x-ray;

(e)    By improperly permitting, allowing, and/or causing A.J.F.'s conditions to worsen, progress, and/or deteriorate;

(f)    By failing to timely recommend and/or order appropriate follow-up testing/surveillance of A.J.F.'s conditions; and

(g)    By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F., his parents/guardians and/or A.J.F.s physicians.

177.    The negligence of Defendant UPMC Horizon, as described herein, was the "legal cause" of the injuries and damages as described herein.

178.    The negligence of Defendant UPMC Horizon, as described herein, increased the risk of the injuries and damages described as herein.

179.    As a direct and proximate result of the negligence of Defendant UPMC Horizon, A.J.F.  suffered the within described injuries and Defendant UPMC Horizon is liable for said injuries and damages.

180.    As a direct and proximate result of the negligence of UPMC Horizon, as described herein, the within described injuries and damages were incurred and Defendant UPMC Horizon is liable for the within described injuries and damages, and the following:

(a)    Decedent's pain and suffering;

(b)    Decedent's loss of enjoyment of life;

(c)    Decedent's lost wages;

(d)    Decedent's total estimated future earning power less his estimated cost of personal maintenance;

(e)    Decedent's loss of retirement and Social Security income;

(f)    Decedent's other financial losses suffered as a result of his death;    and

(g)    Any other damages allowed under the Survival Act.

181.    Defendant UPMC Horizon is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Bee as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

### COUNT XIV– Professional Negligence/Vicarious Liability

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*UPMC Horizon*

### WRONGFUL DEATH ACTION

182.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

183.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

184.    As a direct and proximate result of the negligence of Defendant UPMC Horizon, acting by and through its agents, ostensible agents, servants, or employees including Defendant Dr. Bee, as described herein, the Wrongful Death Beneficiaries suffered and Defendants are liable for the within described injuries and damages, and the following:

    (a)    Funeral expenses for the Decedent;

    (b)    Expenses for Administration related to Decedent's injuries;

    (c)    Medical and hospital expenses;

    (d)    Loss of support; and

    (e)    Such other damages as are permissible in a Wrongful Death Action.

185.    The negligence of Defendant UPMC Horizon, as described herein, was the "legal cause" of the injuries and damages as described herein.

186.    The negligence of Defendant UPMC Horizon, as described herein, increased the risk of the injuries and damages described as herein.

187.    As a direct and proximate result of the negligence of Defendant UPMC Horizon, A.J.F.  suffered the within described injuries and Defendant UPMC Horizon is liable for said injuries and damages.

188.    As a direct and proximate result of the negligence of UPMC Horizon, as described herein, the within described injuries and damages were incurred and Defendant UPMC Horizon is liable for the within described injuries and damages, and the following:

189.    Defendant UPMC Horizon is vicariously liable for the negligent acts and omissions of its agent, ostensible agent, servant, and/or employee Dr. Bee as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**COUNT XV – Professional Negligence/Vicarious Liability**
***Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.***
***University of Pittsburgh Physicians***

**SURVIVAL ACTION**

190.    The foregoing paragraphs are incorporated herein by reference as though fully set forth herein.

191.    Plaintiff brings this Survival Action under 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

192.     Defendants UPP, acting by and through its agents, employees, ostensible agents, and servants, were negligent in the following particulars:

(a)     By misinterpreting, misreading, misunderstanding, improperly evaluating and/or improperly assessing A.J.F.'s November 10, 2017 chest x-ray;

(b)     By failing to identify a liver calcification on A.J.F.'s November 10, 2017 chest x-ray;

(c)     By permitting, allowing, and/or causing a delay in diagnosis and treatment of A.J.F.'s conditions;

(d)     By failing to recommend further radiologic imaging of A.J.F.'s liver based on the presence of a liver calcification on the November 10, 2017 chest x-ray;

(e)     By improperly permitting, allowing, and/or causing A.J.F.'s conditions to worsen, progress, and/or deteriorate;

(f)     By failing to timely recommend and/or order appropriate follow-up testing/surveillance of A.J.F.'s conditions; and

(g)     By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F., his parents/guardians and/or A.J.F.s physicians.

193.     The negligence of Defendant UPP, as described herein, was the "legal cause" of the injuries and damages as described herein.

194.     The negligence of Defendant UPP, as described herein, increased the risk of the injuries and damages described as herein.

195.     As a direct and proximate result of the negligence of Defendant UPP, A.J.F. suffered the within described injuries and Defendant UPP is liable for said injuries and damages.

196.     As a direct and proximate result of the negligence of Defendant UPP, as described herein, the within described injuries and damages were incurred and these UPP is liable for the within described injuries and damages, and the following:

(a)     Decedent's pain and suffering;

(b)     Decedent's loss of enjoyment of life;

(c)     Decedent's lost wages;

(d)     Decedent's total estimated future earning power less his estimated cost of personal maintenance;

(e)     Decedent's loss of retirement and Social Security income;

(f)     Decedent's other financial losses suffered as a result of his death;    and

(g)     Any other damages allowed under the Survival Act.

197.    Defendant UPP is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Bee as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**<u>COUNT XVI– Professional Negligence/Vicarious Liability</u>**

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*UPMC Horizon*

**WRONGFUL DEATH ACTION**

198.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

199.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

200.    As a direct and proximate result of the negligence of Defendant UPP, acting by and through its agents, ostensible agents, servants, or employees including Defendant Dr. Bee, as

described herein, the Wrongful Death Beneficiaries suffered and Defendants are liable for the within described injuries and damages, and the following:

    (a)    Funeral expenses for the Decedent;

    (b)    Expenses for Administration related to Decedent's injuries;

    (c)    Medical and hospital expenses;

    (d)    Loss of support; and

    (e)    Such other damages as are permissible in a Wrongful Death Action.

201.    The negligence of Defendant UPP, as described herein, was the "legal cause" of the injuries and damages as described herein.

202.    The negligence of Defendant UPP, as described herein, increased the risk of the injuries and damages described as herein.

203.    As a direct and proximate result of the negligence of Defendant UPP, A.J.F. suffered the within described injuries and Defendant UPP is liable for said injuries and damages.

204.    As a direct and proximate result of the negligence of Defendant UPP, as described herein, the within described injuries and damages were incurred and Defendant UPP is liable for the within described injuries and damages, and the following:

205.    Defendant UPP is vicariously liable for the negligent acts and omissions of its agent, ostensible agent, servant, and/or employee Dr. Bee as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

Case 2:25-cv-00382    Document 1    Filed 03/18/25    Page 41 of 80

## COUNT XVII – Professional Negligence

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*Sandeep Sahota, M.D., UPMC Horizon, and University of Pittsburgh Physicians*

### SURVIVAL ACTION

206.    The foregoing paragraphs are incorporated herein by reference as though fully set forth herein.

207.    Plaintiff brings this Survival Action under 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

208.    Defendant Dr. Sahota was negligent in the following particulars:

(a)    In failing to adequately review the May 20, 2018 abdominal x-ray report that he ordered;

(b)    In failing to timely and properly recognize and/or act upon the concerning finding of a liver calcification;

(c)    By failing to appreciate the significance of an almost 3 cm liver calcification identified on the May 20, 2018 abdominal x-ray he ordered;

(d)    By failing to recommend further radiologic imaging of A.J.F.'s liver based on the presence of a liver calcification on the May 20, 2018 abdominal x-ray;

(e)    By failing to appreciate the significance of A.J.F.'s elevated AST and alkaline phosphate;

(f)    In failing to order appropriate follow-up imaging on A.J.F.'s liver;

(g)    In failing to order repeat liver function testing;

(h)    In failing to refer A.J.F. to a specialist for evaluation and treatment of his liver calcification and/or elevated liver enzyme testing;

(i)    In failing to timely and properly recognize and/or act upon A.J.F.'s gastrointestinal complaints in the setting of findings of liver calcification and elevated liver enzymes;

(j)     In failing to adequately supervise, evaluate, monitor, and/or oversee the residents, physicians, nurses, nurse practitioners, physician assistants, and/or all other health care providers rendering care to A.J.F.;

(k)     By improperly permitting, allowing, and/or causing delay in diagnosis and treatment of A.J.F.'s liver disease;

(l)     By improperly permitting, allowing, and/or causing A.J.F.'s liver disease to worsen, progress, and/or deteriorate;

(m)     By failing to refer A.J.F. to an appropriate specialist;

(n)     By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F., his parents and/or guardians, and/or his physicians; and

(o)     By failing to have a system in place to ensure that medical personnel would be notified of, read, and act upon abnormal and/or concerning radiologic testing and/or bloodwork results.

209.    The negligence of Defendant Dr. Sahota, as described herein, was the "legal cause" of the injuries and damages as described herein.

210.    The negligence of the Defendant Dr. Sahota, as described herein, increased the risk of the injuries and damages as described herein.

211.    As a direct and proximate result of the negligence of Defendant Dr. Sahota, as described herein, A.J.F. suffered the within described injuries and these Defendants are liable for said injuries and damages.

212.    Defendant UPMC Horizon is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Sahota, as described herein.

213.    Defendant UPP is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Sahota, as described herein.

214.    As a direct and proximate result of the negligence of Defendant Dr. Sahota, as described herein, the within described injuries and damages were incurred and these Defendants are liable for the within described injuries and damages, and the following:

(a)    Decedent's pain and suffering;

(b)    Decedent's loss of enjoyment of life;

(c)    Decedent's lost wages;

(d)    Decedent's total estimated future earning power less his estimated  cost  of personal maintenance;

(e)    Decedent's loss of retirement and Social Security income;

(f)    Decedent's other financial losses suffered as a result of his death;    and

(g)    Any other damages allowed under the Survival Act.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

### **COUNT XVIII – Professional Negligence**

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*Sandeep Sahota, M.D., UPMC Horizon, and University of Pittsburgh Physicians*

**WRONGFUL DEATH ACTION**

215.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

216.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

217.    As a direct and proximate result of the negligence of Defendant Dr. Sahota, as described herein, the Wrongful Death Beneficiaries suffered and Defendants are liable for the within described injuries and damages, and the following:

(a)    Funeral expenses for the Decedent;

(b)    Expenses for Administration related to Decedent's injuries;

(c)    Medical and hospital expenses;

(d)    Loss of support; and

(e)    Such other damages as are permissible in a Wrongful Death Action.

218.    The negligence of Defendant Dr. Sahota and/or his agents, ostensible agents, servants, and/or employees as described herein was the "legal cause" of A.J.F.s injuries and damages as described herein.

219.    The negligence of Defendant Dr. Sahota and/or his agents, ostensible agents, servants, and/or employees, as described herein, increased the risk that A.J.F. would suffer the injuries and damages as described herein.

220.    As a direct and proximate result of the negligence of Defendant Dr. Sahota and/or their agents, ostensible agents, servants, and/or employees as described herein, Decedent suffered, and Defendant Dr. Sahota is liable for the within described injuries and damages.

221.    Defendant UPMC Horizon is vicariously liable for the negligent acts and omissions of their agents, ostensible agents, servants, and/or employees including Defendant Dr. Sahota.

222.    Defendant UPP is vicariously liable for the negligent acts and omissions of their agents, ostensible agents, servants, and/or employees including Defendant Dr. Sahota.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

<u>**COUNT XIX – Professional Negligence/Vicarious Liability**</u>

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*UPMC Horizon*

**SURVIVAL ACTION**

223.    The foregoing paragraphs are incorporated herein by reference as though fully set forth herein.

224.    Plaintiff brings this Survival Action under 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

225.    Defendants UPMC Horizon, acting by and through its agents, employees, ostensible agents, and servants were negligent in the following particulars:

    (a)    In failing to adequately review the May 20, 2018 abdominal x-ray report that he ordered;

    (b)    In failing to timely and properly recognize and/or act upon the concerning finding of a liver calcification;

    (c)    By failing to appreciate the significance of an almost 3 cm liver calcification identified on the May 20, 2018 abdominal x-ray he ordered;

    (d)    By failing to recommend further radiologic imaging of A.J.F.'s liver based on the presence of a liver calcification on the May 20, 2018 abdominal x-ray;

    (e)    By failing to appreciate the significance of A.J.F.'s elevated AST and alkaline phosphate;

    (f)    In failing to order appropriate follow-up imaging on A.J.F.'s liver;

    (g)    In failing to order repeat liver function testing;

(h)    In failing to refer A.J.F. to a specialist for evaluation and treatment of his liver calcification and/or elevated liver enzyme testing;

(i)    In failing to timely and properly recognize and/or act upon A.J.F.'s gastrointestinal complaints in the setting of findings of liver calcification and elevated liver enzymes;

(j)    In failing to adequately supervise, evaluate, monitor, and/or oversee the residents, physicians, nurses, nurse practitioners, physician assistants, and/or all other health care providers rendering care to A.J.F.;

(k)    By improperly permitting, allowing, and/or causing delay in diagnosis and treatment of A.J.F.'s liver disease;

(l)    By improperly permitting, allowing, and/or causing A.J.F.'s liver disease to worsen, progress, and/or deteriorate;

(m)    By failing to refer A.J.F. to an appropriate specialist;

(n)    By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F., his parents and/or guardians, and/or his physicians; and

(o)    By failing to have a system in place to ensure that medical personnel would be notified of, read, and act upon abnormal and/or concerning radiologic testing and/or bloodwork results.

226.    The negligence of Defendant UPMC Horizon, as described herein, was the "legal cause" of the injuries and damages as described herein.

227.    The negligence of Defendant UPMC Horizon, as described herein, increased the risk of the injuries and damages described as herein.

228.    As a direct and proximate result of the negligence of Defendant UPMC Horizon, A.J.F. suffered the within described injuries and Defendant UPMC Horizon is liable for said injuries and damages.

229.    As a direct and proximate result of the negligence of UPMC Horizon, as described herein, the within described injuries and damages were incurred and Defendant UPMC Horizon is liable for the within described injuries and damages, and the following:

(a)    Decedent's pain and suffering;

(b)    Decedent's loss of enjoyment of life;

(c)    Decedent's lost wages;

(d)    Decedent's total estimated future earning power less his estimated cost of personal maintenance;

(e)    Decedent's loss of retirement and Social Security income;

(f)    Decedent's other financial losses suffered as a result of his death;    and

(g)    Any other damages allowed under the Survival Act.

230.    Defendant UPMC Horizon is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Sahota as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**COUNT XX– Professional Negligence/Vicarious Liability**

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*UPMC Horizon*

**WRONGFUL DEATH ACTION**

231.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

232.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

233.    As a direct and proximate result of the negligence of Defendant UPMC Horizon, acting by and through its agents, ostensible agents, servants, or employees including Defendant Dr. Sahota, as described herein, the Wrongful Death Beneficiaries suffered and Defendants are liable for the within described injuries and damages, and the following:

        (a)    Funeral expenses for the Decedent;

        (b)    Expenses for Administration related to Decedent's injuries;

        (c)    Medical and hospital expenses;

        (d)    Loss of support; and

        (e)    Such other damages as are permissible in a Wrongful Death Action.

234.    The negligence of Defendant UPMC Horizon, as described herein, was the "legal cause" of the injuries and damages as described herein.

235.    The negligence of Defendant UPMC Horizon, as described herein, increased the risk of the injuries and damages described as herein.

236.    As a direct and proximate result of the negligence of Defendant UPMC Horizon, A.J.F.  suffered the within described injuries and Defendant UPMC Horizon is liable for said injuries and damages.

237.    As a direct and proximate result of the negligence of UPMC Horizon, as described herein, the within described injuries and damages were incurred and Defendant UPMC Horizon is liable for the within described injuries and damages, and the following:

238.    Defendant UPMC Horizon is vicariously liable for the negligent acts and omissions of its agent, ostensible agent, servant, and/or employee Dr. Sahota as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

### COUNT XXI – Professional Negligence/Vicarious Liability

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*University of Pittsburgh Physicians*

**SURVIVAL ACTION**

239.    The foregoing paragraphs are incorporated herein by reference as though fully set forth herein.

240.    Plaintiff brings this Survival Action under 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

241.    Defendants UPP, acting by and through its agents, employees, ostensible agents, and servants, were negligent in the following particulars:

    (a)    In failing to adequately review the May 20, 2018 abdominal x-ray report that he ordered;

    (b)    In failing to timely and properly recognize and/or act upon the concerning finding of a liver calcification;

    (c)    By failing to appreciate the significance of an almost 3 cm liver calcification identified on the May 20, 2018 abdominal x-ray he ordered;

    (d)    By failing to recommend further radiologic imaging of A.J.F.'s liver based on the presence of a liver calcification on the May 20, 2018 abdominal x-ray;

    (e)    By failing to appreciate the significance of A.J.F.'s elevated AST and alkaline phosphate;

    (f)    In failing to order appropriate follow-up imaging on A.J.F.'s liver;

    (g)    In failing to order repeat liver function testing;

    (h)     In failing to refer A.J.F. to a specialist for evaluation and treatment of his liver calcification and/or elevated liver enzyme testing;

    (i)     In failing to timely and properly recognize and/or act upon A.J.F.'s gastrointestinal complaints in the setting of findings of liver calcification and elevated liver enzymes;

    (j)     In failing to adequately supervise, evaluate, monitor, and/or oversee the residents, physicians, nurses, nurse practitioners, physician assistants, and/or all other health care providers rendering care to A.J.F.;

    (k)     By improperly permitting, allowing, and/or causing delay in diagnosis and treatment of A.J.F.'s liver disease;

    (l)     By improperly permitting, allowing, and/or causing A.J.F.'s liver disease to worsen, progress, and/or deteriorate;

    (m)     By failing to refer A.J.F. to an appropriate specialist;

    (n)     By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F., his parents and/or guardians, and/or his physicians; and

    (o)     By failing to have a system in place to ensure that medical personnel would be notified of, read, and act upon abnormal and/or concerning radiologic testing and/or bloodwork results.

242.    The negligence of Defendant UPP, as described herein, was the "legal cause" of the injuries and damages as described herein.

243.    The negligence of Defendant UPP, as described herein, increased the risk of the injuries and damages described as herein.

244.    As a direct and proximate result of the negligence of Defendant UPP, A.J.F. suffered the within described injuries and Defendant UPP is liable for said injuries and damages.

245.    As a direct and proximate result of the negligence of Defendant UPP, as described herein, the within described injuries and damages were incurred and these UPP is liable for the within described injuries and damages, and the following:

    (a)     Decedent's pain and suffering;

(b)     Decedent's loss of enjoyment of life;

(c)     Decedent's lost wages;

(d)     Decedent's total estimated future earning power less his estimated cost of personal maintenance;

(e)     Decedent's loss of retirement and Social Security income;

(f)     Decedent's other financial losses suffered as a result of his death;    and

(g)     Any other damages allowed under the Survival Act.

246.    Defendant UPP is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Sahota as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**COUNT XXII– Professional Negligence/Vicarious Liability**

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*University of Pittsburgh Physicians*

**WRONGFUL DEATH ACTION**

247.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

248.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

249.    As a direct and proximate result of the negligence of Defendant UPP, acting by and through its agents, ostensible agents, servants, or employees including Defendant Dr. Sahota,

as described herein, the Wrongful Death Beneficiaries suffered and Defendants are liable for the within described injuries and damages, and the following:

      (a)    Funeral expenses for the Decedent;

      (b)    Expenses for Administration related to Decedent's injuries;

      (c)    Medical and hospital expenses;

      (d)    Loss of support; and

      (e)    Such other damages as are permissible in a Wrongful Death Action.

250.    The negligence of Defendant UPP, as described herein, was the "legal cause" of the injuries and damages as described herein.

251.    The negligence of Defendant UPP, as described herein, increased the risk of the injuries and damages described as herein.

252.    As a direct and proximate result of the negligence of Defendant UPP, A.J.F. suffered the within described injuries and Defendant UPP is liable for said injuries and damages.

253.    As a direct and proximate result of the negligence of Defendant UPP, as described herein, the within described injuries and damages were incurred and Defendant UPP is liable for the within described injuries and damages, and the following:

254.    Defendant UPP is vicariously liable for the negligent acts and omissions of its agent, ostensible agent, servant, and/or employee Dr. Sahota as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

## COUNT XXIII– Direct Negligence

### *Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* **v.**
### *UPMC Horizon*

### SURVIVAL ACTION

255.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below, at length.

256.    Plaintiff brings this Survival Action under 20 Pa. C.S.A. § 3373 and 42 Pa. C.S.A. § 8302.

257.    Defendant UPMC Horizon was negligent as described above and in the following particulars:

     (a)    By failing to adequately supervise, evaluate, monitor, and/or oversee the staff, residents, fellows, students, physicians, consults, nurses, nurse practitioners, physician assistants, technicians, and/or all other health care providers rendering care to A.J.F.;

     (b)    By failing and/or neglecting to hire, select, retain, grant privileges to, employ, and/or consult physicians and/or other health care personnel with adequate experience, qualifications, education, and/or special skill to properly examine, diagnose, treat, and/or render care to A.J.F.;

     (c)    By failing to ensure that the physicians, medical staff, nursing staff, and/or other health care providers were properly trained to interpret, read, understand, and evaluate x-ray and bloodwork results;

     (d)    By failing to have and/or enforce policies and procedures to ensure that incidental findings on radiology exams are accurately reported;

     (e)    By failing to ensure that personnel properly and completely assess test results;

     (f)    By failing to have and/or enforce policies and procedures to ensure that patients and/or their parents/guardians and/or their physicians are informed of their abnormal test results;

     (g)    By failing to delegate responsibilities of the treatment of A.J.F.  to individuals more qualified to appreciate the history, conditions, signs, symptoms, complaints, and/or test results of A.J.F.;

(h)     By failing to properly supervise the physicians, nurses, physician assistants, technicians, and clerical staff who provided care to A.J.F.;

(i)     By failing to ensure that its medical providers are properly supervised; and

(j)     By failing to select, retain, or grant privileges to only competent physicians, medical staff, and/or clerical staff.

258.    The negligence of Defendant UPMC Horizon, as described herein, was the "legal cause" of the injuries and damages as described herein.

259.    The negligence of Defendant UPMC Horizon, as described herein, increased the risk of the injuries and damages as described herein.

260.    As a direct and proximate result of the negligence of Defendant UPMC Horizon, as described herein, Plaintiff's Decedent suffered the within described injuries and Defendant UPMC Horizon is liable for said injuries and damages.

261.    As a direct and proximate result of the negligence of Defendant UPMC Horizon, as described herein, the within described injuries and damages were incurred and Defendant UPMC Horizon is liable for the within described injuries and damages, and the following:

(a)     Decedent's pain and suffering;

(b)     Decedent's loss of enjoyment of life;

(c)     Decedent's lost wages;

(d)     Decedent's total estimated future earning power less his estimated cost of personal maintenance;

(e)     Decedent's loss of retirement and Social Security income;

(f)     Decedent's other financial losses suffered as a result of his death;    and

(g)     Any other damages allowed under the Survival Act.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

### COUNT XXIV – Direct Negligence

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* **v.**
*UPMC Horizon*

**WRONGFUL DEATH ACTION**

262.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

263.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

264.    As a direct and proximate result of the negligence of the Defendant UPMC Horizon, as described herein, the Wrongful Death Beneficiaries suffered and Defendant is liable for the within described injuries and damages, and the following:

    (a)    Funeral expenses for the Decedent;

    (b)    Expenses for Administration related to Decedent's injuries;

    (c)    Medical and hospital expenses;

    (d)    Loss of support; and

    (e)    Such other damages as are permissible in a Wrongful Death Action.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

## COUNT XXV– Direct Negligence

### *Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* **v.**
### *University of Pittsburgh Physicians*

### SURVIVAL ACTION

265.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below, at length.

266.    Plaintiff brings this Survival Action under 20 Pa. C.S.A. § 3373 and 42 Pa. C.S.A. § 8302.

267.    Defendant UPP was negligent as described above and in the following particulars:

(a)    By failing to adequately supervise, evaluate, monitor, and/or oversee the staff, residents, fellows, students, physicians, consults, nurses, nurse practitioners, physician assistants, technicians, and/or all other health care providers rendering care to A.J.F.;

(b)    By failing and/or neglecting to hire, select, retain, grant privileges to, employ, and/or consult physicians and/or other health care personnel with adequate experience, qualifications, education, and/or special skill to properly examine, diagnose, treat, and/or render care to A.J.F.;

(c)    By failing to ensure that the physicians, medical staff, nursing staff, and/or other health care providers were properly trained to interpret, read, understand, and evaluate x-ray and bloodwork results;

(d)    By failing to have and/or enforce policies and procedures to ensure that incidental findings on radiology exams are accurately reported;

(e)    By failing to ensure that personnel properly and completely assess test results;

(f)    By failing to have and/or enforce policies and procedures to ensure that patients and/or their parents/guardians and/or their physicians are informed of their abnormal test results;

(g)    By failing to delegate responsibilities of the treatment of A.J.F. to individuals more qualified to appreciate the history, conditions, signs, symptoms, complaints, and/or test results of A.J.F.;

(h)    By failing to properly supervise the physicians, nurses, physician assistants, technicians, and clerical staff who provided care to A.J.F.;

       (i)     By failing to ensure that its medical providers are properly supervised; and

       (j)     By failing to select, retain, or grant privileges to only competent physicians, medical staff, and/or clerical staff.

268.    The negligence of Defendant UPP, as described herein, was the "legal cause" of the injuries and damages as described herein.

269.    The negligence of Defendant UPP, as described herein, increased the risk of the injuries and damages as described herein.

270.    As a direct and proximate result of the negligence of Defendant UPP, as described herein, Plaintiff's Decedent suffered the within described injuries and Defendant UPP is liable for said injuries and damages.

271.    As a direct and proximate result of the negligence of Defendant UPP, as described herein, the within described injuries and damages were incurred and Defendant UPP is liable for the within described injuries and damages, and the following:

       (a)     Decedent's pain and suffering;

       (b)     Decedent's loss of enjoyment of life;

       (c)     Decedent's lost wages;

       (d)     Decedent's total estimated future earning power less his estimated cost of personal maintenance;

       (e)     Decedent's loss of retirement and Social Security income;

       (f)     Decedent's other financial losses suffered as a result of his death;    and

       (g)     Any other damages allowed under the Survival Act.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**COUNT XXVI – Direct Negligence**

***Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* v.**
***University of Pittsburgh Physicians***

**WRONGFUL DEATH ACTION**

272.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

273.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

274.    As a direct and proximate result of the negligence of the Defendant UPP, as described herein, the Wrongful Death Beneficiaries suffered and Defendant is liable for the within described injuries and damages, and the following:

      (a)    Funeral expenses for the Decedent;

      (b)    Expenses for Administration related to Decedent's injuries;

      (c)    Medical and hospital expenses;

      (d)    Loss of support; and

      (e)    Such other damages as are permissible in a Wrongful Death Action.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

## COUNT XXVII – Professional Negligence

### *Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
### *Guilio Zuccoli, M.D., Huy Mihn Nguyen, M.D., UPMC Children's Hospital of Pittsburgh, and*
### *University of Pittsburgh Physicians*

### SURVIVAL ACTION

275.   The foregoing paragraphs are incorporated herein by reference as though fully set forth herein.

276.   Plaintiff brings this Survival Action under 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

277.   Defendants Dr. Zuccoli and Dr. Nguyen were negligent in the following particulars:

(a)   By misinterpreting, misreading, misunderstanding, improperly evaluating and/or improperly assessing A.J.F.'s October 1, 2012 MRI of the Spine;

(b)   By failing to identify a liver calcification on A.J.F.'s October 1, 2012 MRI of the Spine;

(c)   By permitting, allowing, and/or causing a delay in diagnosis and treatment of A.J.F.'s conditions;

(d)   By failing to recommend further radiologic imaging of A.J.F.'s liver based on the presence of a liver calcification on the October 1, 2012 MRI of the Spine;

(e)   By improperly permitting, allowing, and/or causing A.J.F.'s conditions to worsen, progress, and/or deteriorate;

(f)   By failing to timely recommend and/or order appropriate follow-up testing/surveillance of A.J.F.'s conditions; and

(g)   By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F.'s parents/guardians and/or A.J.F.'s physicians.

278.    The negligence of Defendants Dr. Zuccoli and Dr. Nguyen, as described herein, was the "legal cause" of the injuries and damages as described herein.

279.    The negligence of Defendants Dr. Zuccoli and Dr. Nguyen, as described herein, increased the risk of the injuries and damages as described herein.

280.    As a direct and proximate result of the negligence of Defendants Dr. Zuccoli and Dr. Nguyen, as described herein, A.J.F.    suffered the within described injuries and these Defendants are liable for said injuries and damages.

281.    Defendant Children's is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Zuccoli and Dr. Nguyen, as described herein.

282.    Defendant UPP is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Zuccoli and Dr. Nguyen, as described herein.

283.    As a direct and proximate result of the negligence of Defendants Dr. Zuccoli and Dr. Nguyen, as described herein, the within described injuries and damages were incurred and these Defendants are liable for the within described injuries and damages, and the following:

(a)    Decedent's pain and suffering;

(b)    Decedent's loss of enjoyment of life;

(c)    Decedent's lost wages;

(d)    Decedent's total estimated future earning power less his estimated cost of personal maintenance;

(e)    Decedent's loss of retirement and Social Security income;

(f)    Decedent's other financial losses suffered as a result of his death;    and

(g)    Any other damages allowed under the Survival Act.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

## COUNT XXVIII – Professional Negligence

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*Guilio Zuccoli, M.D., Huy Mihn Nguyen, M.D., UPMC Children's Hospital of Pittsburgh, and*
*University of Pittsburgh Physicians*

### WRONGFUL DEATH ACTION

284.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

285.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

286.    As a direct and proximate result of the negligence of Defendants Dr. Zuccoli and Dr. Nguyen, as described herein, the Wrongful Death Beneficiaries suffered and Defendants are liable for the within described injuries and damages, and the following:

      (a)    Funeral expenses for the Decedent;

      (b)    Expenses for Administration related to Decedent's injuries;

      (c)    Medical and hospital expenses;

      (d)    Loss of support; and

      (e)    Such other damages as are permissible in a Wrongful Death Action.

287.    The negligence of Defendants Dr. Zuccoli and Dr. Nguyen and/or their agents, ostensible agents, servants, and/or employees as described herein was the "legal cause" of A.J.F.s injuries and damages as described herein.

288.    The negligence of Defendants Dr. Zuccoli and Dr. Nguyen and/or their agents, ostensible agents, servants, and/or employees as described herein increased the risk that A.J.F. would suffer the injuries and damages as described herein.

289.    As a direct and proximate result of the negligence of Defendants Dr. Zuccoli and Dr. Nguyen and/or their agents, ostensible agents, servants, and/or employees as described herein, Decedent suffered, and Defendants are liable for the within-described injuries and damages.

290.    Defendant Children's is vicariously liable for the negligent acts and omissions of their agents, ostensible agents, servants, and/or employees including Defendants Dr. Zuccoli and Dr. Nguyen.

291.    Defendant UPP is vicariously liable for the negligent acts and omissions of their agents, ostensible agents, servants, and/or employees including Defendants Dr. Zuccoli and Dr. Nguyen.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**COUNT XXIX – Professional Negligence**

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*Herbert Klein, M.D., Gonca Bural, M.D., UPMC Children's Hospital of Pittsburgh, and*
*University of Pittsburgh Physicians*

**SURVIVAL ACTION**

292.    The foregoing paragraphs are incorporated herein by reference as though fully set forth herein.

293.    Plaintiff brings this Survival Action under 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

294.    Defendants Dr. Klein and Dr. Bural were negligent in the following particulars:

(a)    By misinterpreting, misreading, misunderstanding, improperly evaluating and/or improperly assessing A.J.F.'s October 1, 2012 Bone Scan/SPECT/CT scan;

(b)    By failing to identify a liver calcification on A.J.F.'s October 1, 2012 Bone Scan/SPECT/CT scan;

(c)    By permitting, allowing, and/or causing a delay in diagnosis and treatment of A.J.F.'s conditions;

(d)    By failing to recommend further radiologic imaging of A.J.F.'s liver based on the presence of a liver calcification on the October 1, 2012 Bone Scan/SPECT/CT scan;

(e)    By improperly permitting, allowing, and/or causing A.J.F.'s conditions to worsen, progress, and/or deteriorate;

(f)    By failing to timely recommend and/or order appropriate follow-up testing/surveillance of A.J.F.'s conditions; and

(g)    By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F.'s parents/guardians and/or A.J.F.'s physicians.

295.    The negligence of Defendants Dr. Klein and Dr. Bural, as described herein, was the "legal cause" of the injuries and damages as described herein.

296.    The negligence of Defendants Dr. Klein and Dr. Bural, as described herein, increased the risk of the injuries and damages as described herein.

297.    As a direct and proximate result of the negligence of Defendants Dr. Klein and Dr. Bural, as described herein, A.J.F.  suffered the within described injuries and these Defendants are liable for said injuries and damages.

298.    Defendant Children's is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Klein and Dr. Bural, as described herein.

299.    Defendant UPP is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Klein and Dr. Bural, as described herein.

300.    As a direct and proximate result of the negligence of Defendants Dr. Klein and Dr. Bural, as described herein, the within described injuries and damages were incurred and these Defendants are liable for the within described injuries and damages, and the following:

(a)    Decedent's pain and suffering;

(b)    Decedent's loss of enjoyment of life;

(c)    Decedent's lost wages;

(d)    Decedent's total estimated future earning power less his estimated  cost  of personal maintenance;

(e)    Decedent's loss of retirement and Social Security income;

(f)    Decedent's other financial losses suffered as a result of his death;    and

(g)    Any other damages allowed under the Survival Act.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

## COUNT XXX– Professional Negligence

### *Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
### *Herbert Klein, M.D., Gonca Bural, M.D., UPMC Children's Hospital of Pittsburgh, and*
### *University of Pittsburgh Physicians*

### WRONGFUL DEATH ACTION

301.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

302.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

303.    As a direct and proximate result of the negligence of Defendants Dr. Klein and Dr. Bural, as described herein, the Wrongful Death Beneficiaries suffered and Defendants are liable for the within described injuries and damages, and the following:

      (a)    Funeral expenses for the Decedent;

      (b)    Expenses for Administration related to Decedent's injuries;

      (c)    Medical and hospital expenses;

      (d)    Loss of support; and

      (e)    Such other damages as are permissible in a Wrongful Death Action.

304.    The negligence of Defendants Dr. Klein and Dr. Bural and/or their agents, ostensible agents, servants, and/or employees as described herein was the "legal cause" of A.J.F.s injuries and damages as described herein.

305.    The negligence of Defendants Dr. Klein and Dr. Bural and/or their agents, ostensible agents, servants, and/or employees as described herein increased the risk that A.J.F. would suffer the injuries and damages as described herein.

306.     As a direct and proximate result of the negligence of Defendants Dr. Klein and Dr. Bural and/or their agents, ostensible agents, servants, and/or employees as described herein, Decedent suffered, and Defendants are liable for the within described injuries and damages.

307.     Defendant Children's is vicariously liable for the negligent acts and omissions of their agents, ostensible agents, servants, and/or employees including Defendants Dr. Klein and Dr. Bural.

308.     Defendant UPP is vicariously liable for the negligent acts and omissions of their agents, ostensible agents, servants, and/or employees including Defendants Dr. Klein and Dr. Bural.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**COUNT XXXI – Professional Negligence/Vicarious Liability**

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*UPMC Children's Hospital of Pittsburgh*

**SURVIVAL ACTION**

309.     The foregoing paragraphs are incorporated herein by reference as though fully set forth herein.

310.     Plaintiff brings this Survival Action under 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

311.     Defendant Children's, acting by and through its agents, employees, ostensible agents, and servants were negligent in the following particulars:

(a)     By failing to appreciate the significance of an almost 3 cm liver calcification identified on the May 20, 2018 abdominal x-ray he ordered;

(b)     By failing to appreciate the significance of A.J.F.'s elevated AST and alkaline phosphate;

(c)     By failing to advise A.J.F., his parents/guardians, and his doctors of the abnormal radiology results and lab results;

(d)     By failing to refer A.J.F. to a gastroenterologist or other specialist in light of his abnormal test results;

(e)     By permitting, allowing, and/or causing a delay in diagnosis and treatment of A.J.F.'s conditions;

(f)     By failing to recommend further radiologic imaging of A.J.F.'s liver based on the presence of a liver calcification on the May 20, 2018 abdominal x-ray;

(g)     By improperly permitting, allowing, and/or causing A.J.F.'s conditions to worsen, progress, and/or deteriorate;

(h)     By failing to timely recommend and/or order appropriate follow-up testing/surveillance of A.J.F.'s conditions; and

(i)     By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F., his parents/guardians and/or A.J.F.s physicians.

(j)     By misinterpreting, misreading, misunderstanding, improperly evaluating and/or improperly assessing A.J.F.'s October 1, 2012 Bone Scan/SPECT/CT scan;

(k)     By failing to identify a liver calcification on A.J.F.'s October 1, 2012 Bone Scan/SPECT/CT scan; and

(l)     By failing to recommend further radiologic imaging of A.J.F.'s liver based on the presence of a liver calcification on the October 1, 2012 Bone Scan/SPECT/CT scan.

312.    The negligence of Defendant Children's, as described herein, was the "legal cause" of the injuries and damages as described herein.

313.    The negligence of Defendant Children's, as described herein, increased the risk of the injuries and damages described as herein.

314.    As a direct and proximate result of the negligence of Defendant Children's, A.J.F. suffered the within described injuries and Defendant UPMC Children's is liable for said injuries and damages.

315.    As a direct and proximate result of the negligence of UPMC Children's, as described herein, the within described injuries and damages were incurred and Defendant Children's is liable for the within described injuries and damages, and the following:

     (a)    Decedent's pain and suffering;

     (b)    Decedent's loss of enjoyment of life;

     (c)    Decedent's lost wages;

     (d)    Decedent's total estimated future earning power less his estimated cost of personal maintenance;

     (e)    Decedent's loss of retirement and Social Security income;

     (f)    Decedent's other financial losses suffered as a result of his death;    and

     (g)    Any other damages allowed under the Survival Act.

316.    Defendant Children's is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Zuccoli, Dr. Nguyen, Dr. Klein, and Dr. Bural as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

<u>**COUNT XXXII– Professional Negligence/Vicarious Liability**</u>

***Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.***
***UPMC Children's Hospital of Pittsburgh***

**WRONGFUL DEATH ACTION**

317.   The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

318.   Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

319.   As a direct and proximate result of the negligence of Defendant Children's, acting by and through its agents, ostensible agents, servants, or employees including Defendants Dr. Zuccoli, Dr. Nguyen, Dr. Klein and Dr. Bural, as described herein, the Wrongful Death Beneficiaries suffered and Defendants are liable for the within described injuries and damages, and the following:

      (a)   Funeral expenses for the Decedent;

      (b)   Expenses for Administration related to Decedent's injuries;

      (c)   Medical and hospital expenses;

      (d)   Loss of support; and

      (e)   Such other damages as are permissible in a Wrongful Death Action.

320.   The negligence of Defendant Children's, as described herein, was the "legal cause" of the injuries and damages as described herein.

321.   The negligence of Defendant Children's, as described herein, increased the risk of the injuries and damages described as herein.

322.    As a direct and proximate result of the negligence of Defendant Children's, A.J.F. suffered the within described injuries and Defendant Children's is liable for said injuries and damages.

323.    As a direct and proximate result of the negligence of Defendant Children's, as described herein, the within described injuries and damages were incurred and Defendant Children's is liable for the within described injuries and damages, and the following:

324.    Defendant Children's is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees including Dr. Zuccoli, Dr. Nguyen, Dr. Klein and Dr. Bural as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**COUNT XXXIII – Professional Negligence/Vicarious Liability**
*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*University of Pittsburgh Physicians*

**SURVIVAL ACTION**

325.    The foregoing paragraphs are incorporated herein by reference as though fully set forth herein.

326.    Plaintiff brings this Survival Action under 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302.

327.    Defendant UPP, acting by and through its agents, employees, ostensible agents, and servants were negligent in the following particulars:

(a)     By failing to appreciate the significance of an almost 3 cm liver calcification identified on the May 20, 2018 abdominal x-ray he ordered;

(b)   By failing to appreciate the significance of A.J.F.'s elevated AST and alkaline phosphate;

(c)   By failing to advise A.J.F., his parents/guardians, and his doctors of the abnormal radiology results and lab results;

(d)   By failing to refer A.J.F. to a gastroenterologist or other specialist in light of his abnormal test results;

(e)   By permitting, allowing, and/or causing a delay in diagnosis and treatment of A.J.F.'s conditions;

(f)   By failing to recommend further radiologic imaging of A.J.F.'s liver based on the presence of a liver calcification on the May 20, 2018 abdominal x-ray;

(g)   By improperly permitting, allowing, and/or causing A.J.F.'s conditions to worsen, progress, and/or deteriorate;

(h)   By failing to timely recommend and/or order appropriate follow-up testing/surveillance of A.J.F.'s conditions; and

(i)   By failing to timely and/or appropriately communicate accurate testing results and findings to A.J.F., his parents/guardians and/or A.J.F.s physicians.

(j)   By misinterpreting, misreading, misunderstanding, improperly evaluating and/or improperly assessing A.J.F.'s October 1, 2012 Bone Scan/SPECT/CT scan;

(k)   By failing to identify a liver calcification on A.J.F.'s October 1, 2012 Bone Scan/SPECT/CT scan; and

(l)   By failing to recommend further radiologic imaging of A.J.F.'s liver based on the presence of a liver calcification on the October 1, 2012 Bone Scan/SPECT/CT scan.

328.   The negligence of Defendant UPP, as described herein, was the "legal cause" of the injuries and damages as described herein.

329.   The negligence of Defendant UPP, as described herein, increased the risk of the injuries and damages described as herein.

330.    As a direct and proximate result of the negligence of Defendant UPP, A.J.F. suffered the within described injuries and Defendant UPP is liable for said injuries and damages.

331.    As a direct and proximate result of the negligence of UPP, as described herein, the within described injuries and damages were incurred and Defendant UPP is liable for the within described injuries and damages, and the following:

    (a)    Decedent's pain and suffering;

    (b)    Decedent's loss of enjoyment of life;

    (c)    Decedent's lost wages;

    (d)    Decedent's total estimated future earning power less his estimated cost of personal maintenance;

    (e)    Decedent's loss of retirement and Social Security income;

    (f)    Decedent's other financial losses suffered as a result of his death;    and

    (g)    Any other damages allowed under the Survival Act.

332.    Defendant UPP is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees, including Dr. Zuccoli, Dr. Nguyen, Dr. Klein, and Dr. Bural as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

<u>**COUNT XXXIV– Professional Negligence/Vicarious Liability**</u>

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased v.*
*University of Pittsburgh Physicians*

**WRONGFUL DEATH ACTION**

333.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

334.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

335.    As a direct and proximate result of the negligence of Defendant UPP, acting by and through its agents, ostensible agents, servants, or employees including Defendants Dr. Zuccoli, Dr. Nguyen, Dr. Klein and Dr. Bural, as described herein, the Wrongful Death Beneficiaries suffered and Defendants are liable for the within described injuries and damages, and the following:

        (a)    Funeral expenses for the Decedent;

        (b)    Expenses for Administration related to Decedent's injuries;

        (c)    Medical and hospital expenses;

        (d)    Loss of support; and

        (e)    Such other damages as are permissible in a Wrongful Death Action.

336.    The negligence of Defendant UPP, as described herein, was the "legal cause" of the injuries and damages as described herein.

337.    The negligence of Defendant UPP, as described herein, increased the risk of the injuries and damages described as herein.

338.    As a direct and proximate result of the negligence of Defendant UPP, A.J.F. suffered the within described injuries and Defendant UPP is liable for said injuries and damages.

339.    As a direct and proximate result of the negligence of Defendant UPP, as described herein, the within described injuries and damages were incurred and Defendant UPP is liable for the within described injuries and damages, and the following:

340.    Defendant UPP is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, servants, and/or employees including Dr. Zuccoli, Dr. Nguyen, Dr. Klein and Dr. Bural as described herein.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

**COUNT XXXV– Direct Negligence**

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* **v.**
*UPMC Children's Hospital of Pittsburgh*

**SURVIVAL ACTION**

341.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below, at length.

342.    Plaintiff brings this Survival Action under 20 Pa. C.S.A. § 3373 and 42 Pa. C.S.A. § 8302.

343.    Defendant Children's was negligent as described above and in the following particulars:

(a)    By failing to adequately supervise, evaluate, monitor, and/or oversee the staff, residents, fellows, students, physicians, consults, nurses, nurse practitioners, physician assistants, technicians, and/or all other health care providers rendering care to A.J.F.;

(b)    By failing and/or neglecting to hire, select, retain, grant privileges to, employ, and/or consult physicians and/or other health care personnel with

adequate experience, qualifications, education, and/or special skill to properly examine, diagnose, treat, and/or render care to A.J.F.;

(c)     By failing to ensure that the physicians, medical staff, nursing staff, and/or other health care providers were properly trained to interpret, read, understand, and evaluate MRI and Bone Scan/SPECT/CT results;

(d)     By failing to have and/or enforce policies and procedures to ensure that incidental findings on radiology exams are accurately reported;

(e)     By failing to ensure that personnel properly and completely assess test results;

(f)     By failing to have and/or enforce policies and procedures to ensure that patients and/or their parents/guardians and/or their physicians are informed of their abnormal test results;

(g)     By failing to delegate responsibilities of the treatment of A.J.F. to individuals more qualified to appreciate the history, conditions, signs, symptoms, complaints, and/or test results of A.J.F.;

(h)     By failing to properly supervise the physicians, nurses, physician assistants, technicians, and clerical staff who provided care to A.J.F.;

(i)     By failing to ensure that its medical providers are properly supervised; and

(j)     By failing to select, retain, or grant privileges to only competent physicians, medical staff, and/or clerical staff.

344.    The negligence of Defendant Children's, as described herein, was the "legal cause" of the injuries and damages as described herein.

345.    The negligence of Defendant Children's, as described herein, increased the risk of the injuries and damages as described herein.

346.    As a direct and proximate result of the negligence of Defendant Children's, as described herein, Plaintiff's Decedent suffered the within described injuries and Defendant Children's is liable for said injuries and damages.

347.    As a direct and proximate result of the negligence of Defendant Children's, as described herein, the within described injuries and damages were incurred and Defendant Children's is liable for the within described injuries and damages, and the following:

(a)    Decedent's pain and suffering;

(b)    Decedent's loss of enjoyment of life;

(c)    Decedent's lost wages;

(d)    Decedent's total estimated future earning power less his estimated cost of personal maintenance;

(e)    Decedent's loss of retirement and Social Security income;

(f)    Decedent's other financial losses suffered as a result of his death; and

(g)    Any other damages allowed under the Survival Act.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

## COUNT XXXVI – Direct Negligence

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* **v.**
*UPMC Children's Hospital of Pittsburgh*

### WRONGFUL DEATH ACTION

348.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

349.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

350.    As a direct and proximate result of the negligence of the Defendant Children's, as described herein, the Wrongful Death Beneficiaries suffered and Defendant is liable for the within described injuries and damages, and the following:

(a)    Funeral expenses for the Decedent;

(b)     Expenses for Administration related to Decedent's injuries;

(c)     Medical and hospital expenses;

(d)     Loss of support; and

(e)     Such other damages as are permissible in a Wrongful Death Action.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

### COUNT XXVII– Direct Negligence

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* **v.**
*University of Pittsburgh Physicians*

**SURVIVAL ACTION**

351.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below, at length.

352.    Plaintiff brings this Survival Action under 20 Pa. C.S.A. § 3373 and 42 Pa. C.S.A. § 8302.

353.    Defendant UPP was negligent as described above and in the following particulars:

(a)     By failing to adequately supervise, evaluate, monitor, and/or oversee the staff, residents, fellows, students, physicians, consults, nurses, nurse practitioners, physician assistants, technicians, and/or all other health care providers rendering care to A.J.F.;

(b)     By failing and/or neglecting to hire, select, retain, grant privileges to, employ, and/or consult physicians and/or other health care personnel with adequate experience, qualifications, education, and/or special skill to properly examine, diagnose, treat, and/or render care to A.J.F.;

(c)     By failing to ensure that the physicians, medical staff, nursing staff, and/or other health care providers were properly trained to interpret, read, understand, and evaluate MRI and Bone Scan/SPECT/CT results;

(d)     By failing to have and/or enforce policies and procedures to ensure that incidental findings on radiology exams are accurately reported;

(e)     By failing to ensure that personnel properly and completely assess test results;

(f)     By failing to have and/or enforce policies and procedures to ensure that patients and/or their parents/guardians and/or their physicians are informed of their abnormal test results;

(g)     By failing to delegate responsibilities of the treatment of A.J.F. to individuals more qualified to appreciate the history, conditions, signs, symptoms, complaints, and/or test results of A.J.F.;

(h)     By failing to properly supervise the physicians, nurses, physician assistants, technicians, and clerical staff who provided care to A.J.F.;

(i)     By failing to ensure that its medical providers are properly supervised; and

(j)     By failing to select, retain, or grant privileges to only competent physicians, medical staff, and/or clerical staff.

354.    The negligence of Defendant UPP, as described herein, was the "legal cause" of the injuries and damages as described herein.

355.    The negligence of Defendant UPP, as described herein, increased the risk of the injuries and damages as described herein.

356.    As a direct and proximate result of the negligence of Defendant UPP, as described herein, Plaintiff's Decedent suffered the within described injuries and Defendant UPP is liable for said injuries and damages.

357.    As a direct and proximate result of the negligence of Defendant UPP, as described herein, the within described injuries and damages were incurred and Defendant UPP is liable for the within described injuries and damages, and the following:

(a)     Decedent's pain and suffering;

(b)     Decedent's loss of enjoyment of life;

(c)     Decedent's lost wages;

(d)     Decedent's total estimated future earning power less his estimated cost of personal maintenance;

(e)     Decedent's loss of retirement and Social Security income;

(f)     Decedent's other financial losses suffered as a result of his death; and

(g)     Any other damages allowed under the Survival Act.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**

### COUNT XXXVIII – Direct Negligence

*Alison Fetty, Administratrix of the Estate of A.J.F., Deceased* **v.**
*University of Pittsburgh Physicians*

**WRONGFUL DEATH ACTION**

358.    The foregoing paragraphs are incorporated herein by reference as though fully set forth below at length.

359.    Plaintiff brings this Wrongful Death Action pursuant to the Pennsylvania Wrongful Death Act 42 Pa.C.S.A. § 8301 and Pa. R.C.P. § 2202(a).

360.    As a direct and proximate result of the negligence of Defendant UPP, as described herein, the Wrongful Death Beneficiaries suffered and Defendant is liable for the within described injuries and damages, and the following:

(a)     Funeral expenses for the Decedent;

(b)     Expenses for Administration related to Decedent's injuries;

(c)     Medical and hospital expenses;

(d)     Loss of support; and

(e)     Such other damages as are permissible in a Wrongful Death Action.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally, and/or jointly and severally, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

**JURY TRIAL DEMANDED**


                                Respectfully submitted,

DATE: <u>March 18, 2025</u>                    **HARRY S. COHEN & ASSOCIATES, P.C.**


                        By: <u>/s/ *Harry S. Cohen*</u>
                            Harry S. Cohen, Esquire
                            Caitlin M. Harrington, Esquire
                            Attorneys for Plaintiff
                            Harry S. Cohen & Associates, P.C.
                            Two Chatham Center, Suite 985
                            Pittsburgh, PA  15219
                            (412) 281-3000
                            Email: hcohen@medmal1.com
                            Pennsylvania Bar No. 30682